Sandy D. Baggett
P.O. Box 1069
Spokane, WA 99201
sandy@sandybaggett.com
(509) 822-9022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | No. 2:22-CR-00003-MKD-1 |
| Plaintiff, | Reply to Government's Motion for Detention |
| v. | |
| **KOLLIN DEAN MAZUR**, | |
| Defendant. | |

The defendant, Kollin Dean Mazur, through counsel, submits this reply to the Government's motion for pretrial detention (ECF #35), and to the court's stated concerns in the order for detention (ECF #48). The defendant requests that the court accept this reply out of time because (1) the ECF filing system was unavailable March 11-12, and (2) on or about March 10, the defendant was moved to a jail 200 miles away from Spokane *without any notice* to defense counsel, and the defendant was thereby cut off from access to counsel. In this reply, the defendant requests the court to release him to an inpatient drug treatment program in Spokane.

(1) The court has specifically asked for a reply to certain Facebook messages proffered by the government at the detention hearing. Those messages were between the defendant and the mother of his child, Tekiyah Kuglar, from August to September 2021. Those conversations evidence Ms. Kuglar's desperate attempt to help the defendant with his drug addiction and to convince him to stop using serious drugs. She also indicates that she does not know what "Mexis" or fentanyl is. While her methods of trying to help the defendant may seem unorthodox, they reflect two people who are poor, lack adequate medical insurance, and lack access to resources and information about how to get drug addiction treatment. The defendant should not now be subject to pretrial detention because he and Ms. Kuglar are poor and lack resources and information on getting help.[1]

---

[1] The government similarly argued that the defendant should be detained because Ms. Kuglar, a

(2) Apparently, following the defendant's arraignment, the government entered a separation order on concerns for the defendant's safety in the Spokane County Jail. Following that order, the U.S. Marshals Service moved the defendant to Kittitas County Jail in Ellensburg, WA. This was all done without any notice to defense counsel, who only became aware of the move through Ms. Wright (a drug treatment assessment counselor), who attempted to follow up with the defendant at Spokane County Jail and discovered he was no longer there. The defendant is now practically cut off from access to legal assistance. Poor inmates who do not have family members who can give them money on their jail accounts cannot make *any* phone calls. Nearly all local jails in Washington have lock down rules prohibiting phone calls on the weekend, and many do not have the manpower to set up legal calls from attorneys on a regular basis. The situation in this case is even more aggravated because there is a protection order covering *all* discovery (ECF # 28), such that copies of discovery cannot be mailed to the defendant to review; it must be reviewed with the attorney *in person*, and now the defendant is located 200 miles from his attorney. The defendant was only recently brought into the jurisdiction and arraigned, and he has not yet had any opportunity to review any discovery. While concern over the defendant's safety is a valid consideration, the solution cannot be

---

single mother of four children on government assistance, had children with dirty diapers. Poor and disadvantaged people often cannot afford as many diapers a day as more privileged people. Again, the defendant should not be detained because he and Ms. Kuglar are poor and lack resources.

that the defendant is then deprived of access to legal assistance.

The court may consider access to legal assistance when deciding whether to release a defendant. For example, when an individual is in custody, the Bail Reform Act "permit[s] the temporary release of the person, in the custody of a United States Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). There is no greater necessity for the preparation of a "person's defense" than access to counsel, and with respect to an accused's need to consult with counsel, § 3142(i)(3) reaches *above* the minimum standards set by the Sixth Amendment. *See, e.g., U.S. v. Rodriguez*, 2014 WL 4094561, at *4 (W.D.N.Y. 2014). The subsection's plain text mandates the removal of any impediment to private consultations between attorney and client that are qualitatively and quantitatively reasonable. *Id.*; *see also Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995) ("Section 3142(i)(3) is designed to protect a defendant's Sixth Amendment right to counsel, and if that right is being infringed, [the court] has the statutory authority to protect [defendant's] access to counsel.").

(3)     Before the defendant was moved to Kittitas County, he was able to complete an assessment for inpatient drug treatment. He attended Innovative S.U.D assessment update on March 10 at Spokane County Jail. He meets DSM5 criteria

for F11.20 (opiate) Substance use disorders. He currently meets medical necessity for ASAM 3.5 Inpatient Care. (See attached email from Melissa Wright of Pioneer Human Services). Ms. Wright has also indicated that ABHS has offered the defendant a bed beginning March 23, 2022. The defendant has never had an opportunity to engage in comprehensive addiction treatment, and he welcomes this opportunity now.

Release to an inpatient drug treatment facility in Spokane will address all three concerns outlined above. (1) Release would not be to the previously proposed address where the court has concerns over stability in the living environment and the defendant's ability to control his addiction. (2) Locating the defendant at ABHS will also address the access to counsel issues because it would bring the defendant back within a reasonable distance to his attorney. ABHS is very cooperative with setting up private meeting rooms for meetings with counsel to review discovery in person and facilitate legal advice and assistance. (3) ABHS is a quality program frequently used successfully by other defendants in the Eastern District, and the defendant wants to treat his addiction.

Therefore, the defendant respectfully requests the court to release him to the ABHS inpatient drug treatment program with a release date of March 23, 2022. Further, the defendant requests that the court order the U.S. Marshals to deliver the defendant to that program on that date.

Dated: March 14, 2022

                        <u>s/ Sandy D. Baggett</u>
                        Sandy D. Baggett, WSBA #54320
                        P.O. Box 1069
                        Spokane, WA 99201
                        (509) 822-9022

**Service Certificate**

I certify that on March 14, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorneys: Caitlin A. Baunsgard.

<u>s/ Sandy D. Baggett</u>
Sandy D. Baggett, WSBA #54320
P.O. Box 1069
Spokane, WA 99201
sandy@sandybaggett.com
(509) 822-9022