Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Caitlin Baunsgard
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 11 2022

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                    Plaintiff,

        v.

KOLIN DEAN MAZUR,

                    Defendant.

2:22-CR-003-MKD

PLEA AGREEMENT
PURSUANT TO FED. R. CRIM.
P. 11(C)(1)(C)

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Caitlin Baunsgard, Assistant United States Attorney for the Eastern District of Washington, and Defendant, KOLIN DEAN MAZUR, ("Defendant"), both individually and by and through Defendant's counsel, Sandy Baggett, agree to the following Plea Agreement:

1.    Guilty Plea and Maximum Statutory Penalties:

Defendant, KOLIN DEAN MAZUR, agrees enter a plea of guilty, pursuant to Fed. R. Crim. P. 11(c)(1)(C), to the Indictment, filed on January 4, 2022, charging Defendant with Distribution of a Mixture or Substance Containing a Detectable Amount of Fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

Defendant understands that the following potential penalties apply:

        a.    a term of imprisonment of not more than 20 years;

PLEA AGREEMENT - 1

b.  a term of supervised release of not less than 3 years and up to a lifetime;

c.  a fine of up to $1,000,000;

d.  denial of federal benefits; and

e.  a $100 special penalty assessment

2.  Supervised Release:

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, up to the following terms:

a.  5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

b.  3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

c.  2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3.  Denial of Federal Benefits:

Defendant understands that by entering this plea of guilty Defendant is no longer eligible for assistance under any state program funded under part A of title IV of the Social Security Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act. 21 U.S.C. § 862a. Further, the Court may deny Defendant's

PLEA AGREEMENT - 2

eligibility to any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States. 21 U.S.C. § 862.

4.    Potential Immigration Consequences:

If Defendant is not a citizen of the United States, Defendant understands the following:

a.    pleading guilty in this case may have immigration consequences;

b.    a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

c.    removal from the United States and other immigration consequences are the subject of separate proceedings; and

d.    no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5.    The Court is Not a Party to the Plea Agreement:

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

a.    sentencing is a matter solely within the discretion of the Court;

b.    the Court is under no obligation to accept any recommendations made by the United States or Defendant;

c.    the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

PLEA AGREEMENT - 3

d.     the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

e.     the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

f.     the Court may reject recommendations made by the United States or Defendant.  If the Court sentences Defendant to more than 84 months, Defendant may withdraw from this Plea Agreement as well as his guilty plea.  If the Court sentences Defendant to less than 60 months, the United States may withdraw from the Plea Agreement.

6.     <u>Waiver of Constitutional Rights</u>:

Defendant understands that by entering this plea of guilty Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

a.     The right to a jury trial;

b.     The right to see, hear and question the witnesses;

c.     The right to remain silent at trial;

d.     The right to testify at trial; and

e.     The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

PLEA AGREEMENT - 4

7.    Elements of the Offense:

The United States and Defendant agree that in order to convict Defendant of Distribution of a Mixture or Substance Containing a Detectable Amount of Fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), the United States would have to prove beyond a reasonable doubt the following elements:

> *First*, on or about September 12, 2021, in the Eastern District of Washington, Defendant, KOLIN DEAN MAZUR, knowingly and intentionally distributed to another person a mixture or substance containing a detectable amount of fentanyl; and
>
> *Second*, Defendant knew it was fentanyl or some other prohibited drug.

8.    Statement of Facts and Stipulation:

The United States and Defendant stipulate and agree that the United States could prove these facts beyond a reasonable doubt at trial; these facts are accurate; and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this Plea Agreement. The parties further agree and stipulate that this factual basis is simply a summary to support the plea, it does not contain all facts which could be proven by the United States.

On September 12, 2021, Lewiston Police Department ("LPD") was dispatched to a residence in Lewiston, Idaho for a cardiac call and responding officers located Z.T., deceased. Burnt foils and a vape pen were located next to him, with no apparent signs of external trauma. The Medical Examiner conducted an autopsy and toxicology testing. Based on that expert examination, the Medical Examiner determined the cause of Z.T.'s death was a fentanyl overdose.

LPD conducted an investigation into the source of the fentanyl that caused Z.T.'s overdose death. Through review of the content of Z.T.'s cell phone and Z.T.'s Facebook Messenger communications, LPD identified Defendant KOLIN DEAN

MAZUR ("MAZUR") of Clarkston, Washington as likely the source of supply of fentanyl that caused Z.T.'s overdose death. Messages showed that in the late evening hours starting on September 11, 2021 and continuing to the early morning hours on September 12, 2021, MAZUR asked Z.T. if Z.T. wanted to purchase "Mexis" (i.e. fentanyl-laced pills). Z.T. ultimately agreed.

LPD conducted a controlled buy of opioids from MAZUR on September 17, 2021. MAZUR was subsequently detained and provided an audio and video recorded post-*Miranda* statement. During the interview, MAZUR admitted that he sold small amounts of heroin and fentanyl-laced pills to support his own drug addiction. MAZUR showed LPD his Facebook Messenger messages with Z.T. MAZUR said he sold Z.T. fentanyl-laced pills. MAZUR was advised Z.T. died from the pills MAZUR sold him, and MAZUR affirmed that he "middle manned" the deal. MAZUR showed Facebook Messenger messages with ALLEN showing MAZUR purchased 3 fentanyl-laced pills from ALLEN on September 12, 2021 in Clarkston, Washington. MAZUR affirmed he then gave 2 of the purchased pills to Z.T. and he kept one for himself as payment for brokering the deal.

LPD obtained surveillance video from a local school in Clarkston, Washington which showed Z.T., MAZUR, and co-defendant Dustin ALLEN meeting in the parking lot to conduct the agreed to purchase of fentanyl-laced pills.

Defendant stipulates and agrees he distributed fentanyl-laced pills to Z.T., and those pills caused the death of Z.T. In other words, "but for" Defendant's distribution of fentanyl-laced pills, Z.T. would not have died on September 12, 2021.

9.    The United States Agrees Not to File New Charges:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

PLEA AGREEMENT - 6

10.    <u>United States Sentencing Guideline Calculations</u>:

Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG") are applicable to this case and that the Court will determine Defendant's applicable sentencing guideline range at the time of sentencing. Defendant also understands that pursuant to <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a), and to impose a reasonable sentence.

a.    *Base Offense Level and Relevant Conduct*:

The United States and Defendant stipulate and agree to recommend to the Court the Base Offense Level is 38 as Defendant's distribution of fentanyl resulted in the death of Z.T.. *See* USSG §2D1.1(a)(2). The United States and the Defendant agree this stipulation is for the purpose of establishing a more serious offense than the offense of conviction pursuant to USSG §1B1.2(a).

b.    *Specific Offense Characteristics*:

The United States and Defendant agree to recommend that no specific offense characteristics apply. *See generally* USSG §2D1.1(b). The parties agree Defendant is not eligible for "safety valve" as the offense resulted in death. *See* USSG §5C1.2(a)(3); USSG §2D1.1(b)(18).

c.    *Role Adjustments*:

The United States and Defendant agree to recommend that no role adjustment applies. *See* USSG §3B1.1; USSG §3B1.2.

d.    *Acceptance of Responsibility*:

The United States will recommend that Defendant receive a three-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a), (b), if Defendant does the following:

        i.    accepts this Plea Agreement;

        ii.    enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

PLEA AGREEMENT - 7

iii.    demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

iv.    provides complete and accurate information during the sentencing process; and

v.    does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

e.    *No Other Agreements*:

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances.  Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct

f.    *Criminal History*:

The United States and Defendant have made no agreement and make no representations as to Defendant's Criminal History Category, which shall be determined by the Court at sentencing after the Presentence Investigation Report is completed.

11.    <u>Length of Incarceration</u>:

Defendant acknowledges that this Plea Agreement is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)").  Pursuant to Rule 11(c)(1)(C), the United States and Defendant agree that the appropriate disposition of the case is a term of incarceration within the range of 60 months - 84

PLEA AGREEMENT - 8

months, to be followed by 3 years of Supervised Release.  The United States and Defendant agree to make those sentencing recommendations to the Court.  Although the United States and Defendant agree to make these recommendations to the Court pursuant to Rule 11(c)(1)(C), Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will ultimately impose.

Defendant understands that Defendant may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of greater than 84 months or indicates its intent to do so.  Defendant also understands that the United States may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of less than 60 months or a term of supervised release of less 3 years, or indicates its intent to do so.

The United States and Defendant acknowledge that the imposition of any fine, restitution, or conditions of Supervised Release are not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that the United States and Defendant are free to make any recommendations they deem appropriate as to the imposition of fines, restitution, or conditions of Supervised Release; and that the Court will exercise its discretion in this regard.  The United States and Defendant acknowledge that the Court's decisions regarding the imposition of fines, restitution, or conditions of Supervised Release will not provide bases for Defendant to withdraw Defendant's guilty plea or withdraw from this Rule 11(c)(1)(C) Plea Agreement.

Defendant acknowledges that if either the United States or Defendant successfully withdraws from this Plea Agreement, the Plea Agreement becomes a nullity, and the United States is no longer bound by any representations within it.

12.    Supervised Release:

The United States and Defendant each agree to recommend 3 years of supervised release.  Defendant agrees that the Court's decision regarding the conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by

PLEA AGREEMENT - 9

the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

        a.     that Defendant participate and complete such drug testing and drug treatment programs as the Probation Officer directs, but not to exceed six non-treatment drug tests per month during the imposed term of supervised release; and

        b.     that Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Officer

13.    Criminal Fine:

The United States and Defendant agree to recommend the Court impose no criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

14.    Mandatory Special Penalty Assessment:

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013.

15.    Restitution:

The United States and Defendant agree that restitution is appropriate and mandatory, without regard to Defendant's economic situation, to identifiable victims who have suffered physical injury or pecuniary loss, pursuant to 18 U.S.C. §§ 3663A, 3664.

PLEA AGREEMENT - 10

Pursuant to 18 U.S.C. § 3663(a)(3), Defendant voluntarily agrees to pay restitution for all losses caused by Defendant's individual conduct, in exchange for the United States not bringing additional potential charges, regardless of whether counts associated with such losses will be dismissed as part of this Plea Agreement. With respect to restitution, the United States and Defendant agree to the following:

   *a. Restitution Amount and Interest*:

The United States and Defendant stipulate and agree that, pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court should order restitution in an amount to be determined at or before the time of sentencing, and that any interest on this restitution amount, if any, should be waived.

   *b. Payments*:

The United States and Defendant agree that the Court will set a restitution payment schedule based on Defendant's financial circumstances. 18 U.S.C. § 3664(f)(2), (3)(A). Regardless, Defendant agrees to pay not less than 10% of Defendant's net monthly income towards Defendant's restitution obligations.

   *c. Treasury Offset Program and Collection*:

Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant understands that the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. 18 U.S.C. §§ 3572, 3613, and 3664(m). Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement. Until a fine or restitution order is paid in full, Defendant agrees fully to disclose all assets in

PLEA AGREEMENT - 11

which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.  Until such time as the fine or restitution order is paid in full, Defendant agrees to provide waivers, consents, or releases requested by the U.S. Attorney's Office to access records to verify the financial information.

> d.    *Notifications and Waivers*:

Defendant agrees to notify the Court and the United States of any material change in Defendant's economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect Defendant's ability to pay restitution.  18 U.S.C. § 3664(k).  Defendant agrees to notify the United States of any address change within 30 days of that change.  *See* 18 U.S.C. § 3612(b)(1)(F).  These obligations ceases when Defendant's restitution is paid-in-full.

Defendant acknowledges that the Court's decision regarding restitution is final and non-appealable; that is, even if Defendant is unhappy with the amount of restitution ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or restitution order.

16.    Payments While Incarcerated:

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program if the Court sentences the Defendant to a term of incarceration.

17.    Additional Violations of Law Can Void Agreement:

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

PLEA AGREEMENT - 12

18.   <u>Waiver of Appeal and Collateral Attack Rights</u>:

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court. Defendant expressly waives all rights to appeal Defendant's conviction and sentence if the Court imposes a term of imprisonment consistent with the terms of this Rule 11(c)(1)(C) Plea Agreement.

If the Court indicates its intent to impose a sentence above the Rule 11(c)(1)(C) terms of this Agreement and Defendant chooses not to withdraw, then Defendant: (a) may appeal only Defendant's sentence, but not Defendant's conviction; (b) may appeal Defendant's sentence only if it exceeds the high end of the Guidelines range determined by the Court; and (c) may appeal only the substantive reasonableness of Defendant's sentence.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court. Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

19.   <u>Compassionate Release</u>:

In consideration for the benefits Defendant is receiving under the terms of this Plea Agreement, Defendant expressly waives Defendant's right to bring any motion for Compassionate Release other than a motion arising from one of the specific bases

PLEA AGREEMENT - 13

set forth in this paragraph of this Plea Agreement. The United States retains the right to oppose, on any basis, any motion Defendant files for Compassionate Release.

The only bases on which Defendant may file a motion for Compassionate Release in the Eastern District of Washington are the following:

a.    *Medical Condition of Defendant*:

i.    Defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia; or

ii.    Defendant is suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which Defendant is not expected to recover.

b.    *Age of Defendant*:

i.    Defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process; and has served at least 10 years or 75 percent of Defendant's term of imprisonment, whichever is less; or

ii.    Defendant is at least 70 years old and has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which Defendant is imprisoned.

PLEA AGREEMENT - 14

   c.    *Family Circumstances*:

      i.    The caregiver of Defendant's minor child or children has died or become incapacitated, and Defendant is the only available caregiver for Defendant's minor child or children; or

      ii.    Defendant's spouse or registered partner has become incapacitated, and Defendant is the only available caregiver for Defendant's spouse or registered partner.

   d.    *Subsequent Reduction to Mandatory Sentence*:

      i.    Defendant pleaded guilty to an offense which, on the date of Defendant's guilty plea, carried a mandatory minimum sentence; and

      ii.    after the entry of judgment, the length of the mandatory minimum sentence for Defendant's offense of conviction was reduced by a change in the law; and

      iii.    the application of the reduced mandatory minimum sentence would result in Defendant receiving a lower overall sentence.

   e.    *Ineffective Assistance of Counsel*:

      i.    Defendant seeks Compassionate Release based on a claim of ineffective assistance of counsel arising from information that Defendant both

         1.    did not know at the time of Defendant's guilty plea, and

         2.    could not have known, in the exercise of due diligence, at the time the Court imposed sentence.

20.    <u>Withdrawal or Vacatur of Defendant's Plea</u>:

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

      a.    this Plea Agreement shall become null and void;

      b.    the United States may prosecute Defendant on all available charges;

      c.    the United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

      d.    the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

21.    <u>Integration Clause</u>:

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

PLEA AGREEMENT - 16

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____          10/11/22
Caitlin Baunsgard                                    Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____          10-11-22
KOLIN DEAN MAZUR                             Date
Defendant

PLEA AGREEMENT - 17

1

2     I have read the Plea Agreement and have discussed the contents of the Plea

3  Agreement with Defendant.  The Plea Agreement accurately and completely sets forth

   the entirety of the agreement between the parties.  I concur in Defendant's decision to

4  plead guilty as set forth in the Plea Agreement.  There is no legal reason why the

5  Court should not accept Defendant's plea of guilty.

6

7

8  _____          10/11/22
   Sandy Baggett                        Date
9  Attorney for the Defendant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT - 18